HYMAN STROMBERG ET AL., PROSECUTORS, v. THE JUDGE OF THE COURT OF COMMON PLEAS OF THE COUNTY OF CAMDEN ET AL., RESPONDENTS.

Argued May 5, 1937—Decided July 7, 1937.

Before Justices BODINE, HEHER and PERSKIE.

For the prosecutor, *Carl Kisselman, Anthony J. Siracusa* and *Merritt Lane.*

For the respondents, *Mitchell H. Cohen* and *William J. Shepp.*

BODINE, J.   The writ of *certiorari* brings up for review the affirmance of the conviction of the prosecutors in the Camden City Police Court upon a complaint charging that they were disorderly persons within the purview of section 1, subdivision (b), *Pamph. L.* 1934, *p.* 364 (Disorderly Persons act), as amended by *Pamph. L.* 1936, *ch.* 18, *p.* 29, which provides as follows:   "Any person who shall be apprehended

and shall be proven to the satisfaction of the magistrate, recorder or judge before whom such person shall be brought to be a person who is engaged in an illegal occupation or who bears a bad reputation, and consorts for an unlawful purpose, with thieves, burglars, pickpockets, swindlers, confidence men, other criminals, or persons who bear a bad reputation, shall be deemed and adjudged to be a disorderly person. In any prosecution under this section the fact that the person apprehended is engaged in an illegal occupation, or bears a bad reputation and is found consorting with thieves, burglars, pickpockets, swindlers, confidence men, other criminals or persons who bear a bad reputation shall be *prima facie* evidence that such consorting was for an unlawful purpose."

The evidence shows that two Camden detectives went on January 5th, 1937, to the home of the prosecutor Massi where they found the prosecutors in different parts of the house. There was no evidence of any disorder, gambling, fighting or other violation of the law, nor was there anything to indicate that the prosecutors were employed in the commission of crime. It was testified that they had bad reputations and that they had previously been convicted of some sort of crime. There was a revolver in a bureau drawer in one of the bedrooms. The house was arranged and furnished like any dwelling.

The statute is attacked as unconstitutional, but we pass the point because it is not necessary to decide the point since, for other reasons, the prosecutors are entitled to a reversal of their conviction.

"Reputation is simply cumulation of ordinary perception-testimonies, heard and gathered and reduced to a single implied assertion, which assertion is reported to the tribunal by the witness who perceived the cumulative assertions." *Wigmore's Principles of Judicial Proof* (2d ed.) 383.

None of the witnesses called were shown to have any special knowledge of the accused's reputation. Reputation may be good in some particulars and bad in others. When a man's reputation is in issue the special knowledge of the witness is invariably shown to the trier of the facts, so that he can have

some basis to determine the weight to attach to the assertion. The mere statement under oath by a police officer or a detective that one whom he has apprehended bore a bad reputation is not proof of bad repute, but a mere assertion by the witness as to his conclusion without any evidence of the particulars upon which such conclusion was based. In all cases where reputation is to be proved care must be exercised to obtain the facts upon which the assertion is based. Otherwise, the statement of belief by the arresting officer becomes the basis upon which a citizen may be incarcerated.

Previous convictions of crime must also be proved by the best evidence, and the mere assertion by a police officer that one taken into custody by him had been convicted of crime is not the best evidence of the fact.

Conviction of crime is a matter of record. Proof of the conviction is by proof of the record and not by the mere assertion of a witness who has not the custody of the record. There is no proof by record that any of the prosecutors were convicted thieves, burglars, pickpockets, swindlers or confidence men.

Those charged with being disorderly persons are certainly entitled to be confronted with the proofs indicative that they bore bad reputations and consorted with thieves, burglars, pickpockets, swindlers and confidence men, and so on. Until such facts be proved the statute cannot apply.

The conviction under review will be set aside.

Mr. Justice Heher dissents.